OPINION
{¶ 1} Respondent, Shane A. Jenkins, appeals from a civil protection order issued against him and in favor of Petitioner, Cindy M. Smith, by the domestic relations division of the court of common pleas pursuant to R.C. 3113.31(D)(1) upon Smith's complaint of domestic violence.
 {¶ 2} An ex parte order was issued on April 26, 2004 on Smith's sworn petition. A full hearing was scheduled for May 4, 2004. The matter was referred to a magistrate who, after several continuances, conducted a hearing on July 7, 2004.
 {¶ 3} Following the testimony of several witnesses, which did not include Respondent Jenkins, the magistrate issued a decision containing a permanent order on July 14, 2004. The trial court adopted the decision pursuant to Civ.R. 53(E)(4)(c) on the date it was filed.
 {¶ 4} On July 27, 2004 Respondent's attorney filed a notice of objections to the magistrate's decision. No particular objections were made. Instead, Respondent stated that he "reserves the right to amend and supplement his objection upon receipt of the transcript", which Respondent had ordered on the same date.
 {¶ 5} A transcript of the magistrate's hearing was filed on September 14, 2004. On September 17, 2004, at Respondent's request, the court continued its hearing on Respondent's objections to September 29, 2004 to give Respondent's counsel additional time to review the transcript of the magistrate's hearings.
 {¶ 6} A hearing on objections was held on September 29, 2004. Respondent Jenkins was represented by counsel, but was not present. The court noted in a decision that it subsequently filed on October 5, 2004 that Respondent had filed no further written objections and that his prior, general objections do not satisfy the particularity requirements of Civ.R. 53(E)(3)(b). The court nevertheless accepted the statements his counsel made at the September 29, 2004 hearing as objections, and on that basis found that Petitioner Smith had presented sufficient grounds to warrant the civil protection order that issued on July 13, 2004, concluding:
 {¶ 7} "It is clear to this court that the preponderance of evidence established at the hearing before the Magistrate on July 7, 2004 establishes that Ms. Smith, or her family, are in danger of or have been a victim of domestic violence as defined in O.R.C. 3113.31(A) committed by Mr. Jenkins and accordingly this Court finds that the issuance of a Final Domestic Violence Civil Protection Order, as was issued by the Magistrate, is appropriate based upon the facts before the Court at that time.
 {¶ 8} "In consideration of the foregoing, this Court finds that the Objections filed on behalf of the Respondent, Shane Jenkins, on July 27, 2004 are not well taken.
 {¶ 9} "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Objections filed on behalf of the Respondent, Shane Jenkins, on July 27, 2004 shall be and are herewith OVERRULED.
 {¶ 10} "IT IS FURTHER ORDERED that the Magistrate's Decision and Orders filed July 13, 2004 are approved by this Court in their entirety and are made a final order of this court." (Decision and Entry, pp. 2-3).
 {¶ 11} On November 4, 2004 Respondent Jenkins filed a pro se notice of appeal from the trial court's judgment and order of October 5, 2004. Jenkins likewise filed a pro se brief. Petitioner Smith has not filed a brief. However, the record does not indicate that a copy of Respondent-Appellant's pro se brief was served on her.
 {¶ 12} Respondent-Appellant's brief on appeal does not set out assignments of error as required by App.R. 16(A)(3). Instead, he raises several contentions challenging the weight and sufficiency of the evidence against him as well as claims concerning the related conduct of Petitioner Smith. We find that these alleged errors have not been preserved for appeal.
 {¶ 13} Civ.R. 53(E)(3)(a) requires written objections to a magistrate's decision. Civ.R. 53(E)(3)(b) states: "Objections shall be specific and state with particularity the grounds of objection." Civ.R. 53(E)(3)(d) states: "A party shall not
assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." (Emphasis supplied).
 {¶ 14} Petitioner's failure to file particularized written objections to the magistrate's decision waives his right to argue on appeal that the trial court erred when it adopted the magistrate's decision because the magistrate's findings and conclusions were based on insufficient evidence and/or are against the weight of the evidence. The trial court's gratuitous consideration of the oral contentions which Petitioner's counsel made at the September 29, 2004 hearing, which have not been preserved for the record, cannot vary or overcome the requirements of Civ.R. 53.
 {¶ 15} The assignments of error are overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Donovan, J., concur.