[Cite as *Losey v. Diersing*, 2013-Ohio-1108.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

RAYMOND LOSEY, :

    Petitioner-Appellee, : CASE NO.  CA2012-06-048

    - vs - : O P I N I O N
    3/25/2013

:

LEIGH DIERSING, :

    Respondent-Appellant. :

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2010-CVH-1342

Raymond Losey, 562 Williamsburg Court, Cincinnati, Ohio 45244, petitioner-appellee, pro se

Denise S. Barone, 385 North Street, Batavia, Ohio 45103, for respondent-appellant

**HENDRICKSON, P.J.**

{¶ 1} Respondent-appellant, Leigh Diersing, appeals a decision of the Clermont County Court of Common Pleas overruling her objections to a magistrate's decision finding her in contempt of a civil stalking protection order.  For the reasons outlined below, we affirm the decision of the trial court.

{¶ 2} On June 29, 2010, petitioner-appellee, Raymond Losey, filed a petition for a civil stalking protection order against appellant.  On June 30, 2010, a magistrate conducted

an ex parte hearing on the petition, and on July 7, 2010, the magistrate issued a temporary ex parte civil protection order against appellant. The magistrate then scheduled a full hearing on appellee's petition for July 13, 2010. On July 15, 2010, the magistrate issued a permanent civil stalking protection order, effective for five years. The protection order prohibited appellant from entering appellee's place of business, and also ordered her to remain 500 feet away from appellee, his children, and his wife.

{¶ 3} On April 15, 2011, appellee filed a letter with the court, alleging that appellant had violated the terms and conditions of the protection order. A show cause hearing was held on May 16, 2011, and both parties appeared at the hearing. On May 20, 2011, the magistrate found that appellant had violated the terms of the protection order by entering appellee's place of business. Accordingly, the magistrate found appellant in contempt, and sentenced her to serve three days in jail and to pay a $250 fine. However, the magistrate suspended appellant's sentence, pending any further findings of contempt.

{¶ 4} On January 5, 2012, appellee filed a second letter with the court, alleging that appellant had once again violated the protection order. A hearing was set for February 13, 2012. After the hearing, the magistrate found appellant to be in contempt for a second time. Thus, the magistrate reimposed the suspended three-day jail sentence and $250 fine, and imposed an additional $250 fine and three days in jail.

{¶ 5} On February 23, 2012, appellant filed objections to the magistrate's decision and requested oral argument. The trial court subsequently overruled appellant's objections without a hearing, and affirmed the magistrate's decision.

{¶ 6} Appellant timely appeals, raising three assignments of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED AS A MATTER OF FACT AND LAW WHEN IT FAILED TO GRANT TO RESPONDENT THE OPPORTUNITY TO MAKE ORAL

ARGUMENT ON HER OBJECTIONS TO THE MAGISTRATE'S DECISION.

{¶ 9} Appellant first claims that the trial court erred in denying her request for oral argument on her objections to the magistrate's decision.

{¶ 10} Appellant argues that, without a hearing on her objections, she was "robbed" of the opportunity to request community service in lieu of prison, so that she could be treated for bi-polar disorder. However, appellant clearly admits that her attorney had planned on making this argument prior to the requested hearing. Thus, we do not see why appellant could not have included this argument in her written objections to the court, or why she was prevented from filing a separate request to perform community service to satisfy her sentence. *See* Civ.R. 53(D)(3)(b).

{¶ 11} We further fail to see how the trial court abused its discretion in refusing to hear additional evidence on appellant's objections, as she cannot demonstrate that she was unable to present such evidence to the magistrate during the February 13, 2012 show cause hearing. Pursuant to Civ.R. 53(D)(4)(d),

> If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. * * * Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

{¶ 12} Here, there is no evidence that appellant could not, with reasonable diligence, have presented evidence of her bi-polar disorder for the magistrate's consideration, given that she had previously testified during the first show cause hearing in May 2011 that she suffered from mental health issues that required therapy. Appellant has not shown that the mental health issues she suffered in May 2011 differed from those that she developed immediately after she filed her objections in February 2012. Thus, the trial court did not abuse its discretion in refusing to consider appellant's additional evidence, during oral

argument or otherwise. *Barber v. Barber*, 7th Dist. No. 05 CO 46, 2006-Ohio-4956, ¶ 26 ("[a] claimed reservation of the right to add more objections at oral argument does not comply with Civ.R. 53"). Accordingly, we reject appellant's first argument.

{¶ 13} Appellant also contends that the trial court's failure to grant her request for oral argument constituted an abuse of discretion. Again, we disagree.

{¶ 14} Civ.R. 53(D)(4)(d) does not require the trial court to hold a hearing prior to ruling on a party's objections to a magistrate's decision. Instead, it only requires that the court "rule on those objections." *Id.* Appellant does not cite any authority to support her position to the contrary. Further, the trial court's analysis indicates that appellant's objections were not so complex as to warrant a hearing for additional clarification.

{¶ 15} In closing, we find that the trial court fully complied with Civ.R. 53(D)(4)(d), when it issued a detailed decision replete with analysis, rationale, and a basis for overruling each of appellant's objections.

{¶ 16} Appellant's first assignment of error is overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE TRIAL COURT ERRED AS A MATTER OF FACT AND OF LAW WHEN IT FAILED TO DISMISS ITS JURISDICTION OVER THE CASE WHEN IT HELD THE SECOND HEARING FOLLOWING THE FIRST EX-PARTE HEARING MORE THAN TEN DAYS AFTER THE FIRST EX-PARTE ORDER.

{¶ 19} Appellant next argues that the trial court lacked jurisdiction over her case, because the magistrate failed to hold a full hearing on the civil protection order within the statutory time limits of R.C. 2903.214.

{¶ 20} R.C. 2903.214(D)(2)(a) states, in part:

> If the court, after an ex parte hearing, issues a protection order described in division (E) of this section, the court shall schedule a full hearing for a date that is within ten court days after the ex

parte hearing. The court shall give the respondent notice of, and an opportunity to be heard at, the full hearing. The court shall hold the full hearing on the date scheduled under this division unless the court grants a continuance of the hearing in accordance with this division.

{¶ 21} Here, the magistrate held an ex parte hearing on appellee's petition for a civil protection order on June 30, 2010, but did not conduct a full hearing on the petition until July 13, 2010. Because more than ten days passed between the ex parte hearing and the full hearing, appellant contends that the court lacked jurisdiction to proceed with the case.

{¶ 22} Upon review, we find that appellant has waived this argument, because she failed to object to the full hearing date prior to this appeal. There is nothing in R.C. 2903.214 that suggests that the failure to hold a full hearing within ten days of the ex parte hearing divests the trial court of jurisdiction to proceed, and therefore, objections to the time requirement may be waived. *Compare* Civ.R. 12(H)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action"). Because the time to object to nonjurisdictional defects stemming from the full hearing before the magistrate has passed, appellant has waived this argument on appeal. *Hamilton v. Ebbing*, 12th Dist. No. CA2011-01-001, 2012-Ohio-2250, fn. 3 ("[i]t is well-established that a party cannot raise new issues or legal theories for the first time on appeal").

{¶ 23} Appellant also argues that her stalking conviction is void ab initio as a result of the magistrate's failure to comply with the time limits of R.C. 2903.214(D)(2)(a). However, for the reasons stated above, we conclude that appellant has waived this argument, as well. *See also* R.C. 2903.214(D)(2)(a)(iv).

{¶ 24} Appellant's second assignment of error is overruled.

{¶ 25} Assignment of Error No. 3:

{¶ 26} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN

AFFIRMING THE MAGISTRATE'S DECISION ON CONTEMPT.

{¶ 27} In her final assignment of error, appellant contends that the trial court erred in upholding the magistrate's finding of contempt.

{¶ 28} Appellant first claims that the trial court's decision was against the manifest weight of the evidence, as the court "glibly" rendered its decision "without bothering to give [appellant] a chance to explain herself." However, this does not explain how appellant's behavior did not rise to the level of contempt. Moreover, as we previously discussed, appellant had ample opportunity to explain herself when she appeared before the magistrate.

{¶ 29} Appellant also argues that the trial court abused its discretion in affirming the magistrate's decision.

{¶ 30} Civil contempt must be established by clear and convincing evidence. *Underwood v. O'Hara*, 12th Dist. No. CA99-03-057, 2000 WL 313493, * 1 (Mar. 27, 2000), citing *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250 (1980). An appellate court will not reverse a trial court's ruling on civil contempt absent an abuse of discretion. *Ossai-Charles v. Charles*, 12th Dist. Nos. CA2010-12-129, CA2011-01-007, 2011-Ohio-3766, ¶ 31. More than a mistake of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 31} Upon review, we find that the trial court's findings were fully supported by the record. During the contempt hearing, appellee testified that since September 2011, appellant had engaged in an ongoing pattern of "trolling" areas that appellee frequented, and that he would see appellant up to ten times per day. Appellee also described numerous instances of appellant's threatening conduct, including a time when appellant followed appellee and his family in her car, verbally assaulted appellee, watched him from a parking lot while he picked up his wife from work, and made vulgar hand gestures toward appellee while driving.

- 6 -

Although appellant testified that she had legitimate excuses for her behavior, and stated that the majority of their encounters were simply happenstance, the lower court was in the best position to weigh the evidence. *See, e.g., Cavaleri v. Cavaleri*, 8th Dist. No. 68209, 1995 WL 396336, * 3 (July 6, 1995) (regarding contempt, "[d]eference must be shown to the trial court's judgment and the findings of fact on which it rests").

{¶ 32} On the strength of this record, we hold that the finding of contempt was based upon clear and convincing evidence, and that the trial court did not abuse its discretion in upholding the magistrate's decision.

{¶ 33} Appellant's third assignment of error is overruled.

{¶ 34} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.