[Cite as *Cox v. Cox*, 2017-Ohio-1010.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STACY L. COX, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-05-040 |
| | : | O P I N I O N |
| - vs - | | 3/20/2017 |
| | : | |
| DOUGLAS G. COX, | : | |
| Defendant-Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 13DR36630

Diehl & Hubbell, Martin E. Hubbell, 304 East Warren Street, Lebanon, Ohio 45036, for plaintiff-appellee

John D. Smith Co., LPA, John D. Smith, Mark D. Webb, 140 North Main Street, Suite B, Springboro, Ohio 45066, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Douglas Cox, appeals a decision of the Warren County Court of Common Pleas, Domestic Relations Division, finding him in contempt for nonpayment of support to plaintiff-appellee, Stacy Cox, and denying his motion to modify support.

{¶ 2} Douglas ("Father) and Stacy ("Mother") were married in 1993 and had three

children during their marriage. The parties divorced in 2015, and agreed that for purposes of support calculations, Mother's income would be imputed at $35,000 per year, and Father's income was set at $280,000. The parties agreed to the $280,000 figure because Father's income as part-owner and operator of an energy-conservation consulting business fluctuated from year to year and depended upon the contracts Father's company earned. The parties' divorce decree included an order that Father was to pay $7,250 per month to Mother in spousal support for seven years. In addition, Father was ordered to pay an additional 32.4% on any additional income he earned above $280,000 up to $500,000. Father was also ordered to pay $425 per month in child support.

{¶ 3} After the divorce, Father's business revenue declined. Father cited several reasons for the decline, including that some of his customers had to start using a bidding process before choosing an energy-conservation consulting agreement, as well as the resignation of the person who was primarily responsible for the company's sales. Additionally, Father's business lost customers, and one of its anticipated contracts was decreased from $3,300,000 to $947,000. The day after the contract was reduced, which was approximately six weeks after the final divorce decree was journalized, Father filed a motion to modify his spousal and child support orders. Father claimed that circumstances had changed since the time of the divorce decree, mainly the loss of income he would suffer as a result of the contract's decrease. Mother filed a motion for contempt, asserting that Father had not paid support as ordered.

{¶ 4} A magistrate held a hearing and considered the issues. The magistrate denied Father's motion to modify, finding that Father had not experienced a change of circumstances in his income that was not contemplated at the time of the original decree. The magistrate also determined that Father was in contempt for failure to pay his support as ordered.

{¶ 5} Father filed objections to the magistrate's decision, as well as a motion to submit new evidence, in the form of his 2015 tax return. Father asked the trial court to consider the tax information when ruling on his objections to the magistrate's decision. The trial court overruled Father's request for an additional hearing, as well as Father's objections to the magistrate's decision. Father now appeals the trial court's decision, raising the following assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED IN NOT MODIFYING FATHER'S CHILD SUPPORT AND SPOUSAL SUPPORT OBLIGATION BASED UPON THE SUBSTANTIAL CHANGE IN CIRCUMSTANCES, AND DECREASE IN FATHER'S INCOME NOT CONTEMPLATED AT THE TIME OF ENTERING INTO THE DECREE.

{¶ 8} Father argues in his first assignment of error that the trial court erred in denying his motion to modify support based on a substantial change in his income.

{¶ 9} A trial court has broad discretion in determining a spousal support award, including whether or not to modify an existing award. *Burns v. Burns*, 12th Dist. Warren No. CA2011-05-050, 2012-Ohio-2850, ¶ 17. Thus, a spousal support award will not be disturbed on appeal absent an abuse of discretion. *Id.* An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} According to R.C. 3105.18(E), a trial court can modify spousal support if the court determines that the circumstances of either party have changed and the parties' divorce decree contained a provision specifically authorizing the court to modify the spousal support order. R.C. 3105.18(F)(1) provides that "a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses, or other changed circumstances * * *." The

- 3 -

statute further requires that the change in circumstances be "substantial and makes the existing award no longer reasonable and appropriate." R.C. 3105.18(F)(1)(a). The change in circumstances must have not been "taken into account by the parties or the court as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was forseeable [sic]." *Id.*

{¶ 11} After reviewing the record, we find that the trial court properly denied Father's motion for modification. Although Father's income had decreased from the agreed-upon base salary of $280,000, we cannot say that the decrease was not taken into account by the parties or court when the order was made. The record is clear that Father's income has greatly fluctuated based on what contracts his business was able to procure in a given year. For example, Father's income in 2014 was $651,790, in 2013, it was $293,230, and his income in 2012 was $284,862. Given that all parties and the court understood that Father's income would likely decrease from its 2014 rate, all agreed upon a base salary of $280,000 for spousal support purposes.

{¶ 12} Moreover, the reasons given by Father for the downturn in his income were taken into account at the time of the decree. The record indicates that Father fully anticipated that a change in Ohio law was forthcoming regarding the way that energy conservation companies would procure government contracts, and he admitted that he knew that competitive bidding was imminent. Father was also aware at the time of the decree that the number of projects requiring energy conservation had been declining, and he knew that his former salesperson had left the company. Father's business partner also testified that the pair had some notice as of 2014 that the three-million-dollar contract the company had entered into may not "go through" entirely.

{¶ 13} At the time of the decree, Father also knew that his company had only one active contract, and that even if more contracts had been acquired, it was unlikely that

payment would be collected in 2015 given the long development and payment time inherent in extended energy conservation projects.

{¶ 14} We agree with the trial court that the possibility of Father's income being sporadic, and even declining, was contemplated at the time of the divorce decree. Further, and knowing the susceptibility of Father's income to unpredictable circumstances, Father agreed to set his base salary at $280,000 for purposes of support determination. As such, the trial court properly denied Father's motion to modify, and Father's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT ERRED IN NOT ALLOWING FATHER A HEARING TO PRESENT ADDITIONAL EVIDENCE IN SUPPORT OF HIS MOTION. FATHER'S TAX RETURN WAS NOT AVAILABLE AT THE TIME OF HEARING AND WAS RELEVANT AND HIGHLY PROBATIVE OF THE SUPPORT MODIFICATION REQUEST.

{¶ 17} Father argues in his second assignment of error that the trial court erred in denying his request for a hearing to consider the 2015 tax return when ruling on objections to the magistrate's decision.

{¶ 18} Civ.R. 53(D)(4)(d) allows, but does not require, a trial court to accept additional evidence when ruling on objections to a magistrate's decision. A trial court's decision regarding whether it will consider additional evidence is reviewed for an abuse of discretion. *Losey v. Diersing*, 12th Dist. Clermont No. CA2012-06-048, 2013-Ohio-1108, ¶ 12.

{¶ 19} After reviewing the record, we find no abuse of discretion. The record indicates that the trial court denied Father's request to submit additional evidence in the form of his 2015 tax return. The final divorce decree was filed on March 12, 2015, and on April 28, 2015, approximately six weeks later, Father filed his motion for modification. The hearing before the magistrate occurred on November 12, 2015. The trial court recognized that

Father was attempting to have the trial court review evidence of his entire 2015 income when the motion to which the evidence was pertinent was filed on April 28, 2015 – before the tax year ended.

{¶ 20} The court did not express that the 2015 tax return would never be relevant, only that it was not necessary to consider given the timing of Father's motion to modify. However, the trial court specifically noted that the 2015 tax return could be relevant in the future should Father wish to file a modification of support motion during which the court could consider the full 2015 tax year to determine if a change in circumstances had occurred. Having found no abuse of discretion, we overrule Father's second assignment of error.

{¶ 21} Assignment of Error No. 3:

{¶ 22} THE TRIAL COURT ERRED IN FINDING FATHER IN CONTEMPT DUE TO HIS INABILITY TO PAY AND SUBSTANTIAL PAYMENTS MADE IN SPITE OF HIS LIMITED INCOME.

{¶ 23} Father argues in his final assignment of error that the trial court erred in finding him in contempt for nonpayment of support because he had an inability to pay.

{¶ 24} "Disobedience to court orders may be punished by contempt." *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 11. To support a contempt finding, the moving party must establish by clear and convincing evidence that a valid court order exists, that the offending party had knowledge of the order, and that the offending party violated such order. *Hetterick v. Hetterick*, 12th Dist. Brown No. CA2012-02-002, 2013-Ohio-15, ¶ 35. In reviewing a trial court's finding of contempt, an appellate court will not reverse such a finding absent an abuse of discretion. *Grow v. Grow*, 12th Dist. Butler Nos. CA2010-08-209, CA2010-08-218, and CA2010-11-301, 2012-Ohio-1680, ¶ 73.

{¶ 25} "Any party who has a legal claim to any support ordered for a child, spouse, or former spouse may initiate a contempt action for failure to pay the support." R.C.

2705.031(B)(1). Once the moving party has established the obligor's failure to pay the support obligation as ordered, the obligor then bears the burden of alleging and proving his inability to comply with the court's order. *Dressler v. Dressler*, 12th Dist. Warren Nos. CA2002-08-085 and CA2002-11-128, 2003-Ohio-5115, ¶ 14. The inability to pay the support obligation is a valid defense in a contempt proceeding. *Bean v. Bean*, 14 Ohio App.3d 358, 363 (12th Dist.1983).

{¶ 26} According to a child support enforcement audit, Father owed an arrearage of $16,054 in his spousal support obligation. Father testified that he did not pay spousal support for October or November, and paid only half of his obligation for December.[1] As such, the record indicates that Father was in violation of the court's order that he pay spousal support – an order of which he had notice.

{¶ 27} The magistrate recommended a sentence of one day in jail, suspended, and ordered Father to fully and timely pay his spousal support, as well as an additional $1,000 per month to pay his arrearages. Father was also ordered to pay Mother's attorney fees. The trial court adopted the magistrate's finding of contempt, and found that the purge orders were appropriate and reasonable. The trial court also referenced Father's alleged inability to pay, and noted Father's choice to spend money in various ways rather than pay his support obligation.

{¶ 28} After reviewing the record, we agree that Father did not prove an inability to pay. Instead, the record indicates that Father expended money in several other ways rather than pay his support as ordered by the trial court. These expenditures included four trips to

---

1. For the first time on appeal, Father argues that he was found in contempt for the wrong dates. However, Father did not raise this argument via objections to the magistrate's decision, and has thus waived the issue on appeal. Civ.R. 53(D)(3)(b)(iv). Father's objections to the magistrate's decision, and his argument on appeal, have centered on an inability to pay, not that he was current or that he was not in arrearages at a given time. As such, we will address Father's inability to pay argument rather than the time frame for which he was found to be in contempt.

Hawaii to visit his girlfriend, paying $22,500 toward his daughter's college expenses, and buying a truck for his son. There were also other expenditures, such as football tickets and ski-lift tickets, that Father could not classify as business expenses. As such, Father did not carry his burden to prove an inability to pay. Father's final assignment of error is, therefore, overruled.

{¶ 29} Judgment affirmed.

S. POWELL, P.J., concurs.

RINGLAND, J., concurs separately.

**RINGLAND, J., concurring separately.**

{¶ 30} I agree with the majority in the resolution of the second and third assignments of error. However, while I believe the outcome of the first assignment of error is correct, I believe the issue is more appropriately resolved through party credibility.

{¶ 31} In the present case, Father agreed to an imputed income of $280,000 and just six weeks later moved to modify his spousal and child support orders. Father presented evidence that his decision to seek modification of that order was due to a significant change in his business through the independent decision of the Gallia County Board of Education, i.e., the reduction of an anticipated contract for the fiscal year from $3,300,000 to $947,000. While Father was aware, at the time of the decree, that the anticipated contract still needed to be ratified by the board, he argued that the loss in income was far more than he could have anticipated. Accordingly, Father asserts that the board's decision was one in which he had no control and no prior knowledge. Such a situation highlights the difficulties in calculating support obligations, especially when one of the parties runs a small business. Under such circumstances it would be reasonable for Father to seek a modification of his

support orders as soon as possible. I do not believe that the timing of Father's motion, admittedly, just six weeks after the support order, should be considered paramount in this circumstance.

{¶ 32} Nevertheless, the trial court apparently had issues with Father's credibility. For example, the trial court referenced a loan application that Father signed, which indicated his income was $37,000 per month, or $444,000 annually. Father's loan application was considered by both the magistrate and the trial court and weakens Father's credibility with the court. Because of such conflicting evidence, and the fact that the loan application damages his credibility, the trial court would be correct in determining that Father did not meet his burden of proof. Resolution on that basis is preferable to a finding that the parties contemplated such a reduction in income.