[Cite as *Noziljon v. Hasan*, 2026-Ohio-1501.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| MIRKOMIL RAKHIMJONOV NOZILJON, | : | |
| Appellant, | : | CASE NO. CA2025-09-085 |
| vs. | : | OPINION AND JUDGMENT ENTRY 4/27/2026 |
| DOKTOR HASAN, | : | |
| Appellee. | : | |
| | : | |

CIVIL APPEAL FROM MASON MUNICIPAL COURT
Case No. 25CVI00510

Mirkomil Rakhimjonov Noziljon, pro se.

Gary F. Franke Co., L.P.A., and Gary F. Franke and William M. Bristol, for appellee.

**O P I N I O N**

**M. POWELL, J.**

{¶ 1} Mirkomil Rakhimjonov Noziljon appeals the trial court's dismissal of his complaint against Doktor Hasan. Finding no error, we affirm.

## I. Factual and Procedural Background

{¶ 2}   Noziljon paid Hasan, a dentist, for dental services. A dispute arose over a refund. On May 6, 2025, Noziljon filed a Small Claim Complaint in the Mason Municipal Court, alleging that Hasan owed him $6,000. Noziljon appeared pro se throughout the proceedings. He has limited English proficiency, a fact he has emphasized at every stage of this case.

{¶ 3}   The matter proceeded to a trial on June 27, 2025, before a magistrate. At trial, Hasan admitted that he had agreed to refund $5,000 of the amount Noziljon had paid but maintained that the refund had already been issued. (Noziljon's appeal concerns only the $5,000; he does not separately challenge the denial of the additional $1,000.) Laura Corine, Hansan's office assistant, testified that she was present when Noziljon came to Hasan's office to seek the refund and that she personally processed a $5,000 credit to a credit card that Noziljon gave her. Corine identified Defendant's Exhibit 1, a billing statement and credit-card receipt reflecting a $5,000 refund issued on September 6, 2024. The magistrate admitted the exhibit and confirmed the amount.

{¶ 4}   On July 11, 2025, the magistrate issued a decision finding that the evidence established that Hasan had made the agreed-upon refund and that Noziljon had failed to meet his burden of proof. The magistrate noted a discrepancy with Defendant's Exhibit 1. It showed that the refund had been credited to the account of "Usarov Sardorbek." This discrepancy, observed the magistrate, "may contribute to Plaintiff's confusion on the issuance of the refund by Defendant." The magistrate dismissed the complaint.

{¶ 5}   Following the magistrate's decision, Noziljon submitted written materials to the trial court. He contended that these filings were necessary to correct misunderstandings that had arisen at trial because of his limited English. In a filing dated October 20, 2025, however, Noziljon acknowledged that he "did not insist on waiting for

- 2 -

a translator" at trial.

{¶ 6} Noziljon filed objections to the magistrate's decision. On August 25, 2025, the trial court overruled Noziljon's objections.

{¶ 7} Noziljon appealed.[1]

## II. Analysis

{¶ 8} Noziljon presents three assignments of error. Because the first and third overlap almost entirely, we consolidate them and address two issues on appeal.

### A. The Trial Court Did Not Abuse Its Discretion by Declining to Consider Noziljon's Post-Hearing Submissions

{¶ 9} The first assignment of error alleges:

THE TRIAL COURT ERRED BY FAILING TO CONSIDER APPELLANT'S WRITTEN EVIDENCE.

{¶ 10} The third assignment of error alleges:

THE TRIAL COURT ERRED BY FAILING TO REVIEW APPELLANT'S POST-JUDGMENT SUBMISSIONS AND OBJECTIONS, CONSTITUTING AN ABUSE OF DISCRETION.

{¶ 11} Noziljon's first and third assignments of error make the single contention that the trial court erred by failing to consider written materials Noziljon submitted after the magistrate's hearing. He argues that his limited English proficiency prevented him from fully presenting his case at trial and that the post-hearing submissions were necessary to correct the resulting misunderstandings. We review for an abuse of discretion the trial court's decision whether to consider additional evidence submitted alongside objections to a magistrate's decision. *Losey v. Diersing*, 2013-Ohio-1108, ¶ 12 (12th Dist.).

---

1. Hasan moved to strike the appeal as untimely and to strike from the record the materials Noziljon had submitted after the magistrate's hearing. In a November 7, 2025 entry, we denied the motion to strike the appeal but granted the motion to strike the post-hearing materials, concluding that Noziljon "may not add new material to the record that was not part of the proceedings below."

{¶ 12} Civ.R. 53(D)(4)(d) governs the trial court's obligations when ruling on objections to a magistrate's decision. It provides that the court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." The rule also grants the trial court discretion with respect to new evidence. The court "may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate." Civ.R. 53(D)(4)(d).

{¶ 13} Accordingly, a trial court is not required to open the evidentiary record merely because a party wishes, after an unfavorable result, to supplement what was presented at trial. The rule places a clear burden on the objecting party to show that reasonable diligence could not have produced the evidence before the magistrate in the first instance. *See Losey* at ¶ 11-12 (affirming trial court's refusal to hear additional evidence on objections where appellant failed to show evidence could not have been produced before the magistrate).

{¶ 14} Noziljon has not made that showing here. He does not contend that the written materials he submitted after the hearing constituted newly discovered evidence. Rather, his argument is that a language barrier prevented him from adequately conveying the relevant facts during the trial. While that is an understandable difficulty, it does not satisfy the standard the rule demands.

{¶ 15} The record reflects that the trial was held some seven weeks after Noziljon filed his complaint. During that interval, Noziljon had the opportunity to obtain an interpreter, retain counsel, or take other steps to ensure that his position would be clearly communicated at trial. By Noziljon's own admission, he "did not insist on waiting for a translator." We note that Noziljon does not argue that the trial court denied him an

- 4 -

interpreter or failed to offer language-access services. His argument is confined to the contention that his post-hearing submissions should have been considered as a remedy for any communication difficulties at trial. That makes this a question of Civ.R. 53(D)(4)(d) discretion. And a party who declines available avenues of preparation cannot later invoke that lack of preparation as grounds for reopening the evidentiary record. The trial court acted within its discretion not to consider Noziljon's post-hearing submissions.

{¶ 16} We have held that pro se litigants are "'presumed to know the law and correct procedure, and are held to the same standards as other litigants.'" *January Investments, LLC v. Ingram*, 2010-Ohio-1937, ¶ 18 (12th Dist.), quoting *Unifund CCR Partners Assignee of Palisades Collection, L.L.C. v. Childs*, 2010-Ohio-746, ¶ 29 (2d Dist.). They "'cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter.'" *Id.*, quoting *Childs* at ¶ 29. Noziljon filed his complaint, appeared and testified at trial, and has since filed objections and pursued this appeal. None of that suggests a party unable to participate in the proceedings, even if that participation was imperfect.

{¶ 17} Noziljon also frames the trial court's failure to consider his post-hearing submissions as a violation of due process. The same factual record that supports the Civ.R. 53(D)(4)(d) conclusion also satisfies due process. Due process requires notice and a meaningful opportunity to be heard. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976). It does not guarantee a second opportunity to supplement the record after an unfavorable result. Noziljon received notice of the hearing, appeared, and testified. He had seven weeks between the filing of his complaint and trial to retain counsel, obtain an interpreter, or otherwise prepare to present his case. That he did not avail himself of these options does not render the proceedings constitutionally infirm. Due process "'is flexible and calls for

such procedural protections as the particular situation demands.'" *Mathews* at 334, quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Here, the situation demanded nothing more than what was provided.

{¶ 18} Nor does the record affirmatively demonstrate that the trial court failed to adequately consider the evidence that was properly before it. To this contention the presumption of regularity attaches. A trial court is not required to recite on the record that it has considered every piece of evidence. "The court's failure to mention an exhibit does not indicate a failure of the court to consider the evidence. The court is deemed to have reviewed the entire record and all of the evidence admitted . . . ." *Burkhart v. Burkhart*, 1981 WL 5770, *5 (6th Dist. Sept. 4, 1981). Only where the record "affirmatively demonstrates" that the court failed to consider properly admitted evidence will a reviewing court disturb this presumption. *Higgins v. Buehrer*, 2016-Ohio-7214, ¶ 8 (1st Dist.) (reversing where defendant conceded, and the transcript confirmed, that the trial court issued its ruling without ever examining stipulated exhibits). This case presents no such affirmative showing. The magistrate's decision, to the contrary, indicates that the court took testimony from both parties and considered Defendant's Exhibit 1 before reaching its conclusion.

{¶ 19} The first and third assignments of error are overruled.

**B. The Judgment Is Not Against the Manifest Weight of the Evidence**

{¶ 20} The second assignment of error alleges:

> THE TRIAL COURT'S FINDING THAT APPELLANT OR HIS
> FRIEND RECEIVED THE DISPUTED FUNDS IS AGAINST
> THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 21} Noziljon next argues that the magistrate's findings were contrary to the weight of the evidence because, he says, he never received, accessed, or controlled the disputed funds.

## 1. Standard of Review

{¶ 22} A manifest-weight challenge in a civil case concerns "the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other." (Emphasis in original.) (Cleaned up.) *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 12. In conducting this review, we weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed." (Cleaned up.) *Id.* at ¶ 20. Even so, "every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts." (Cleaned up.) *Id.* at ¶ 21. The credibility of witnesses and the weight to be given their testimony are "primarily matters for the trier of fact to decide since it is in the best position to judge the credibility of the witnesses and the weight to be given to the evidence." *Baird v. Crop Production Services, Inc.*, 2012-Ohio-4022, ¶ 17 (12th Dist.); *Beck v. W. Chester Lawn & Garden*, 2013-Ohio-2276, ¶ 7 (12th Dist.).

{¶ 23} We also observe that this case was tried in the small-claims division of the municipal court. The Ohio Rules of Evidence do not apply in such proceedings. Evid.R. 101(D)(8). This relaxed evidentiary framework does not eliminate the need for the trier of fact to reach conclusions supported by credible evidence, but it does confirm that the magistrate had broad latitude in receiving and weighing the proof before it.

## 2. The Record Supports the Magistrate's Finding

{¶ 24} Turning to the record, the evidence at trial established the following. Noziljon filed a complaint alleging that Hasan owed him a refund of $6,000. Hasan admitted that he had agreed to refund $5,000 of the amount Noziljon had paid but contended that he had already done so. At trial, Laura Corine testified that she was present when Noziljon came to Hasan's office, that she personally processed a refund to

a credit card that Noziljon handed to her, and that she identified the document evidencing the refund. That document was admitted as Defendant's Exhibit 1, which reflected a $5,000 credit card refund issued on September 6, 2024. The magistrate confirmed the amount.

{¶ 25} The magistrate did note the $5,000 refund appeared to have been credited to "Usarov Sardorbek," observing that this "may contribute to Plaintiff's confusion on the issuance of the refund by Defendant." The record does not establish Usarov Sardorbek's relationship to Noziljon, though Noziljon's brief describes this individual as a friend. The magistrate ultimately found that the evidence reflected that the refund was made, and that Noziljon had failed to meet his burden of proof.

{¶ 26} That finding is not against the manifest weight of the evidence. The record reflects, and Noziljon does not directly dispute, that he himself provided the credit card to which the refund was processed. Corine's testimony on that point was unambiguous. That the card was associated with someone else's name does not, without more, establish that Noziljon did not receive or benefit from the refund. To be sure, Corine worked for Hasan's dental practice, and her testimony was therefore interested testimony. But the magistrate, who observed the witnesses and assessed their credibility firsthand, was entitled to credit that testimony, particularly where it was corroborated by the documentary evidence in Defendant's Exhibit 1. We will not substitute our judgment for that of the trier of fact where the evidence permits reasonable minds to differ. *See Baird*, 2012-Ohio-4022, at ¶ 17 (12th Dist.).

{¶ 27} Noziljon's contention is, in essence, that the magistrate should have drawn different inferences from the evidence regarding the credit card bearing another person's name. But the question on manifest-weight review is not whether this court might have weighed the evidence differently. It is whether the trier of fact clearly lost its way. Here,

the magistrate heard testimony that Noziljon presented a credit card, that a refund was processed to that card, and that documentation confirmed the transaction. The magistrate acknowledged the discrepancy in the cardholder's name but reasonably concluded that, on balance, Noziljon had not carried his burden of showing that the agreed-upon refund had not been made. That conclusion finds support in the evidence, and we cannot say it constitutes a manifest miscarriage of justice.

{¶ 28} The second assignment of error is overruled.

### III. Conclusion

{¶ 29} We have overruled each of the assignments of error presented. The trial court's judgment is therefore affirmed.

BYRNE, P.J., and PIPER, J., concur.

# **J U D G M E N T   E N T R Y**

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Mason Municipal Court for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Matthew R. Byrne, Presiding Judge*

*/s/ Robin N. Piper, Judge*

*/s/ Mike Powell, Judge*