[Cite as *O'Rourke v. O'Rourke*, 2018-Ohio-4031.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| JOSHUA O'ROURKE, | : | |
| | : | Case No. 17CA37 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| DENISE O'ROURKE, (N.K.A. BOWE), | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 09/27/18** |

<u>APPEARANCES</u>:

Sierra Meek, Nelsonville, Ohio, for Appellee.

Denise O'Rourke n.k.a. Bowe, Clarksburg, Ohio, Pro Se Appellant.

McFarland, J.

{¶1} Denise Bowe appeals the October 13, 2017 judgment entry of the

Athens County Common Pleas Court, Domestic Relations Division, which

overruled her objections and adopted the Magistrate's Decision dated August 1,

2017. The October 13, 2017 Decision was based upon the trial court's independent

evaluation of the record, and the finding that Appellant's objections were not

supported by a transcript of all evidence relevant to the objections. On appeal,

Appellant has set forth thirteen assignments of error. However, based upon our

review of the record, we find no merit to Appellant's arguments. Accordingly, all

assignments of error are without merit and are hereby overruled.  The judgment of the trial court is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} The parties were married in 2002.  They have two minor children, "Son" born in 2003 and "Daughter" born in 2005.  Appellee initiated divorce proceedings on December 9, 2005.  Appellant and Appellee reached an agreement on all issues and an Agreed Decree Of Divorce And Shared Parenting Decree was journalized on March 14, 2007.  Both parties have since remarried.

{¶3} The 2007 shared parenting plan provided that Appellant was designated as the residential parent and Appellee had specified parenting time.  Appellee was ordered to pay child support.  The Magistrate also made orders relating to the children's residency and school district; provision of and release of the children's school information; provision of information regarding the children's grades and school activities; and encouragement of communication between the children and the other parent.  Appellee was ordered to pay child support of $250.00 a month and child care expenses of $200.00 a month.

{¶4} The parties returned to court several times since 2011 with regard to modification of child support and various contempt matters.  On July 1, 2013, an Agreed Modified Parenting Order was journalized.  Pursuant to this order, by agreement of both parties, Appellant and Appellee were ordered to continue under

the previous parenting order with Appellant's residence being the primary residence for the children. Appellee was ordered to have parenting time.[1]

{¶5} On July 2, 2015, Appellee filed a Motion to Modify Parental Rights and Responsibilities. On August 7, 2015, the magistrate held a temporary orders hearing. On August 14, 2015, the court journalized the magistrate's temporary orders subsequent to an in camera interview with the parties' Son. Appellee was designated the temporary residential parent and legal custodian of Son.

{¶6} On December 2, 2015, Appellant filed a multi-branch Motion for Contempt. On May 23, 2016, the Magistrate's Order dismissed allegations that Appellee failed to keep Appellant informed of all medical and health-related appointments and issues and that Appellee had failed to refinance the parties' marital home. The Magistrate's Decision noted that Appellee had not addressed an allegation that he had recorded Appellant's telephone conversations and further observed that an allegation that Appellee had failed to pay child care expenses was unresolved.

{¶7} Appellee's Motion to Modify Parental Rights and Responsibilities came on for hearings on June 27, 2016, July 11, 2016, and November 21, 2016. Both parties were represented by counsel at the hearings. Both children were interviewed in camera during the course of the proceedings. The Magistrate's

[1] On December 16, 2013, a nunc pro tunc agreed modified parenting order was journalized in order to correct issues outlined by the Athens County Child Support Enforcement Agency (ACCSEA).

Decision; Findings of Fact and Conclusions of Law, a 60-page decision, was filed on August 1, 2017.  Significantly, the Magistrate recommended that the prior shared parenting order be terminated and that Appellee be designated the residential parent and legal custodian of Son.  Appellant was granted parenting time according to Athens Local Rule Plan A.  The Magistrate further recommended that the parties' prior order be modified with regard to Appellee's parenting time with Daughter.

{¶8} On August 8, 2017, Appellant, pro se, filed a request for Findings of Fact and Conclusions of Law.  Having found these were adequately set forth in the Magistrate's Decision, the request was denied.  On August 14, 2017, both parties filed pro se objections to the Magistrate's Decision.  In an entry journalized August 29, 2017, the trial court found that both parties continued to be represented by counsel of record and therefore the Court declined to consider their pro se objections.  Journalized September 12, 2017, the court permitted Appellant's counsel to withdraw from representation.  On September 15, 2017, Appellee withdrew his objections.

{¶9} Also on September 12, 2017, Appellant filed a motion which the court interpreted as a request to remove the magistrate from presiding over the proceedings.  On September 21, 2017, the trial court, having found no evidence of disqualifying conduct or circumstances, denied Appellant's motion to remove the

Magistrate.  On October 13, 2017, the trial court journalized its decision overruling

objects to the Magistrate's decision.  The trial court found as follows:

> Having considered the record * * * the Court hereby overrules said objections for lack of a supporting transcript. Defendant/respondent's objections are lengthy and fact-specific. Civ.R. 53(D)(3)(b)(iii) requires an objecting party to support her objections with a transcript of all the evidence relevant to her objections. The transcript must be filed within thirty days of the filing of objections. Although defendant/respondent filed her objections on August 14, 2017, she has filed no supporting transcript. Accordingly, the Court accepts the Magistrate's factual findings without further inquiry (citation omitted), and independently holds that the Magistrate's application of relevant law and her legal conclusions premised upon said facts are not in error. For these reasons, defendant/respondent's objections are overruled, and the Magistrate's decision of August 1, 2017 is hereby adopted."

**{¶10}** This timely appeal followed.  On October 23, 2017, Appellant filed a

Statement, Praecipe, And Notice To Court Reporter requesting the transcripts of

the August 7, 2015, August 11, 2015, August 14, 2015, June 27, 2016, July 11,

2016, and November 21, 2016 hearings.

ASSIGNMENTS OF ERROR

I.      THE TRIAL COURT ERRED IN GRANTING A HEARING FOR A MODIFICATION OF ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES TO APPELLEE WITHOUT HAVING AN AFFIDAVIT OR SUBSTANTIAL EVIDENCE TO PROVE HIS CASE.

II.     TRIAL COURT ERRED WHEN ACCEPTING ATTORNEY MEEK'S MOTION FOR TEMPORARY ORDER AND HAVING AN 'ADVANCED' HEARING REGARDING TEMPORARY CUSTODY.

III.    MAGISTRATE ALLOWED MINOR CHILD TO BE INTERVIEWED WITH HER.

IV.    THE TRIAL COURT ERRED IN GRANTING TEMPORARY CUSTODY OF MINOR SON TO APPELLEE.

V.    THE TRIAL COURT ERRORED [SIC.] WHEN FILING A COURT ORDER AGAINST APPELLANT WIHOTU HAVING A HEARING REGARDING THE MOTION.

VI.    TRIAL COURT ERRED WHEN TERMINATING THE AGREED MODIFIED PARENTING ORDER AND THEN GIVING SOLE CUSTODY OF MINOR SON TO APPELLEE.

VII.    TRIAL COURT ERRORED [SIC.] WHEN MAKING A DECISION OF TERMINATING THE PREVIOUS MODIFIED PARENTING ORDER (WHICH WAS NOT A SHARED PARENTING PLAN, BUT A MODIFIED PARENTING ORDER) AND GIVING SOLE CUSTODY TO APPELLEE. MAGISTRATE BASED HER DECISION OFF OF WHAT HAPPENED BETWEEN THE TIME APPELLEE GOT TEMPORARY CUSTODY UNTIL THE FINAL HEARING.  SHE DID NOT BASE HER DECISION ON WHAT THE MOTION WAS FILED FOR THAT REOPENED THIS CASE.

VIII.    MAGISTRATE MADE HER DECISION BASED ON THE WISHES OF THE MINOR CHILD.

IX.    TRIAL COURT ERRORED [SIC.] WHEN CALCULATING CHILD SUPPORT FOR BOTH MINOR CHILDREN AND THEN TERMINATING SAID CHILD SUPPORT. MINOR DAUGHTER HAS SPECIAL NEEDS AND TRIAL COURT WAS ASKED TO MODIFY CHILD SUPPORT WITH AN UPWARD DEVIATION. ALSO, TRIAL COURT BASED CHILD SUPPORT FROM TEMPORARY ORDERS THROUGH THE FINAL DECISION ON APPELLEE'S STARTING PAY AT STARR MACHINE.

X.      MAGISTRATE BRADFORD ERRORED [SIC.] WHEN SHE
        FAILED TO CHARGE APPELLEE IN CONTEMPT OF
        COURT WHEN INDEED HE DID VIOLATE THE COURT
        ORDER FOR RECORDING PHONE CALLS BETWEEN
        THE MINOR CHILD AND APPELLANT.

XI.     MAGISTRATE CHANGED VISITATION WITH MINOR
        DAUGHTER AND APPELLEE.

XII.    TRIAL COURT ERRORED [SIC.] NOT PUTTING IN A 3RD
        PARTY STIPULATION WHEN THERE WAS PROVEN
        FACTS THAT APPELLEE'S WIFE IS INTERFERING WITH
        THE PARENTING BETWEEN APPELLEE AND
        APPELLANT WITH THE MINOR CHILDREN.

XIII.   TRIAL COURT ERRORED [SIC.] WHEN IT FAILED TO
        GRANT A HEARING FOR A PROPOSED SHARED
        PARENTING PLAN FILED BY APPELLANT ON MAY 13,
        2016.

STANDARD OF REVIEW

{¶11} "Appellate courts generally review 'the propriety of a trial court's

determination in a domestic relations case' under the 'abuse of discretion'

standard." *Sarchione v. Tookey,* 4th Dist. Athens No. 17CA41, 2018-Ohio-2716, at

¶ 21, quoting *Clifford v. Skaggs,* 4th Dist. Gallia No. 17CA6, 2017-Ohio-8597, ¶ 9,

quoting *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989).  Under

this highly deferential standard, we must affirm the decision of the trial court

unless it is unreasonable, arbitrary, or unconscionable. *See State v. Beasley,* 152

Ohio St.3d 970, 2018-Ohio-16, 97 N.E.3d 474, ¶ 12, citing *Blakemore v.*

*Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶12} In *Davis v. Flickinger*, 77 Ohio St.3d 415, 418-419, 674 N.E.2d 1159

(1997), the court explained the abuse of discretion standard that applies in custody

proceedings:

> " 'Where an award of custody is supported by a substantial amount
> of credible and competent evidence, such an award will not be
> reversed as being against the weight of the evidence by a reviewing
> court.' (*Trickey v. Trickey*, [1952] 158 Ohio St. 9, 470 O.O.481, 106
> N.E.2d 772, approved and followed.)
>
> The reason for this standard of review is that the trial judge has the
> best opportunity to view the demeanor, attitude, and credibility of
> each witness, something that does not translate well on the written
> page. As we stated in *Seasons Coal Co. v. Cleveland*, (1984), 10
> Ohio St.3d 77, 80-81, 461 N.E.2d 1273, 1276-1277:
>
> 'The underlying rationale of giving deference to the findings of the
> trial court rests with the knowledge that the trial judge is best able to
> view the witnesses and observe their demeanor, gestures and voice
> inflections, and use these observations in weighing the credibility of
> the proffered testimony. * * *
>
> * * * A reviewing court should not reverse a decision simply because
> it holds a different opinion concerning the credibility of the
> witnesses and evidence submitted before the trial court.  A finding of
> an error in law is a legitimate ground for reversal, but a difference of
> opinion on credibility of witnesses and evidence is not.  The
> determination of credibility of testimony and evidence must not be
> encroached upon by a reviewing tribunal, especially to the extent
> where the appellate court relies on unchallenged, excluded evidence
> in order to justify its reversal.' This is even more crucial in a child
> custody case, where there may be much evident in the parties'
> demeanor and attitude that does not translate to the record well.
> *Id.* at 418-419."

{¶13} The entry that Appellant contests is the trial court's judgment

overruling her objections to the Magistrate's Decision.  We review the trial court's

decision to adopt, reject, or modify a magistrate's decision under an abuse of discretion standard. *See Robinette v. Bryant,* 4th Dist. Lawrence No. 14CA28, 2015-Ohio-119, at ¶ 32, citing *In re S.H.,* 8th Dist. Cuyahoga No. 10091, 2014-Ohio-4476, ¶ 7.

STANDARD FOR MODIFICATION OF CUSTODY

**{¶14}** "While a trial court's discretion in a custody modification proceeding is broad, it is not absolute, and must be guided by the language set forth in R.C. 3109.04." *Frick v. Howell,* 4th Dist. Highland No.14CA19, 2015-Ohio-3639, at ¶ 34, quoting *Miller v. Miller,* 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988).  R.C. 3109.04(E)(1)(a) provides:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
>
> (i)     The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
>
> (ii)    The child, with the consent of the residential parent or of both

parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

(iii)    The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶15} Under the "best interests of the child" standard of R.C. 3109.04(E), R.C. 3109.04(F)(1) requires a trial court to consider all relevant factors, including, but not limited to:

(a)  The wishes of the child's parents regarding the child's care;

(b)   If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

(c)  The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d)  The child's adjustment to the child's home, school, and community;

(e)  The mental and physical health of all persons involved in the situation;

(f)  The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g)  Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h)Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected

child, previously has been determined to be the perpetrator of the abuse or neglectful act that is the basis for the adjudication; whether either parent or any member of the household of either parent previously has been convicted or of pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused or neglected child;

      (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

      (j)  Whether either parent has established a residence, or is planning to establish a residence, outside this state.

LEGAL ANALYSIS

{¶16} Appellant, acting pro se, sets forth thirteen assignments of error. While many of the assignments of error assert procedural violations of the trial court, generally, Appellant contends that the trial court erred when terminating the agreed modified parenting order and giving sole custody of the parties' Son to Appellee.  Appellant asserts that the Magistrate terminated the order without finding a change of circumstances and without further finding that termination of the prior order is in the best interest of Son, as required by R.C. 3109.04(E).  We first consider Appellant's arguments which rely upon the evidence presented to the

Magistrate.  For ease of analysis, we jointly consider assignments of error one,

three, six, seven, eight, nine, ten, eleven, and twelve.

ASSIGNMENTS OF ERROR ONE, THREE, SIX, SEVEN, EIGHT,
NINE, TEN, ELEVEN, AND TWELVE

Assignment of Error One

**{¶17}** Under the first assignment of error, Appellant argues there was an

absence of substantial evidence of a change in circumstances to support Appellee's

claims.[2]

Assignment of Error Three

**{¶18}** Appellant asserts Appellee filed a request for an in camera interview

of Son for purposes of gaining temporary custody of Son before the academic

school year started and to gain a reallocation of parental rights and responsibilities.

Appellant asserts there was not a sufficient amount of evidence showing a change

of circumstances at the temporary hearing on August 7, 2015 to warrant the

Magistrate's granting the request and interviewing Son.  Appellant further asserts

the Magistrate terminated the 2013 Agreed Modified Parenting Order without

following the dictates of R.C. 3109.04 and finding a change of circumstances, and

without further finding that termination was in Son's best interest.

Assignment of Error Six

---

[2] Under this assignment of error, as well as under assignments of error seven and nine, Appellant also argues violation of the Athens County Local Rules.  However, we discuss the arguments regarding procedural violations under these assignments of error, jointly, along with assignments of error four and five, in Section 2 below.

{¶19} Similarly, here Appellant asserts that the Magistrate erred when terminating the Agreed Modified Parenting Order of 2013, which gave her legal custody of the children and gave Appellee visitation time.

Assignment of Error Seven

{¶20} Appellant asserts the motion for reallocation of parental rights and responsibilities was based on lies. Appellant contends the Magistrate based her decision on evidence occurring during the time between when Appellee gained temporary custody and when the Magistrate arrived at her final decision. In particular, Appellant takes issue with the following findings of fact set forth in the Magistrate's decision: 2, 3, 4, 5, 7, 9, 14, 22, 23, 24, 30-37, 39, 40, 41, 43-46, 56-58, 60, 64, 75, and 96.

Assignment of Error Eight

{¶21} Appellant asserts that the Magistrate based her decision on the wishes of the Son. She cites to the June 27, 2016 hearing transcript wherein the Magistrate interrupted Bretta O'Rourke (Appellee's current wife) exclaiming "And it's not up to [Son]. He is a little boy, he is a child. It is not up to him." Yet, Appellant argues the Magistrate took Son's wishes into consideration regarding change of custody.

Assignment of Error Nine

**{¶22}** Appellant filed for a Modification of Child Support on April 28, 2016, requesting an upward modification for Daughter's special needs. Appellant asserts the court erred when calculating child support for both minor children and then terminating the order. Appellant argues the court wrongly terminated its order based upon information which was no longer current, specifically evidence of Appellee's employment and pay.

Assignment of Error Ten

**{¶23}** Appellant asserts the trial court erred when it failed to find Appellee in contempt of court for recording her phone calls with Son. Appellant asserts Appellee testified in deposition that he did record many phone calls because he thought Appellant was "talking bad" about him. He further testified he sent a few of the calls he considered negative to his attorney. The 2013 Agreed Modified Parenting Order requires that each parties' daily cell phone conversations "shall be private, not recorded, or on speaker phone." Appellant further asserts the Magistrate did not listen to any of the recorded phone calls and did not verify Appellee's claim that she was disparaging him to Son.

Assignment of Error Eleven

**{¶24}** Appellant contends the Magistrate erred when Daughter's visitation with Appellee was changed because there was no change of circumstances

regarding Daughter.  She notes the Agreed Modified Parenting Order stated that

Daughter "shall be encouraged" to attend parenting time with Appellee, but the

parties can agree about the matter.  Appellant also notes both parties have agreed

that Daughter did not want to visit and Appellee had not requested a change in

visitation.  Supporting her argument, Appellant states:

1) The Magistrate's Finding of Fact #5 stated that Daughter testified in her in camera interview that she did not like to go to her Father's residence; and,

2) Findings of Fact #76 stated that Appellant described that Daughter would get sick at her stomach, cry, and shake on the way to the drop-off spot and that both parties had agreed not to force her to go due to her anxiety.

### Assignment of Error Twelve

{¶25} Appellant asserts the Magistrate erred in "not putting in a 3rd party

stipulation" when the evidence proved that Appellee's current wife Bretta was

interfering with parenting of the minor children.  Appellant pointed to multiple

Findings of Fact – 31, 56-58, 78, and 84-85 – which demonstrated that Bretta was

interfering.

{¶26} We begin by pointing out it is well-established that pro se litigants are

held to the same rules, procedures, and standards as litigants who are represented

by counsel. *Seymour v. Hampton,* 4th Dist. Pike No. 11CA21, 2012-Ohio-5053, ¶

30, citing *Crown Asset Management, LLC, v. Gaul,* 4th Dist. No. 08CA30, 2009-

Ohio-2167, ¶ 15, citing *Selvage v. Emnett,* 4th Dist. No. 08CA3239, 2009-Ohio-

940, ¶ 13.  Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants. *Capital One Bank, v. Rodgers,* 5th Dist. Muskingum No. CT2009-0049, 2010-Ohio-4421, ¶ 31.  Here, Appellant did not submit a transcript of hearings to the trial court when she filed her objections to the magistrate's decision.  This deficiency prevents us from fully considering both her procedural and substantive arguments.

{¶27} The trial court's "Decision Overruling Objections to Magistrate's Decision; Judgment Entry; Final Appealable Order" states in pertinent part:

> "Defendant/respondent's objections are lengthy and fact-specific. Civ.R. 53(D)(3)(b) (iii) requires an objecting party to support her objections with a transcript of all the evidence relevant to her objections. The transcript must be filed within thirty days of the filing of objections. Although defendant/respondent filed her objections on August 14, 2017, she has filed no supporting transcript. Accordingly, the Court accepts the Magistrate's factual findings without further inquiry, *see Hopkins v. Hopkins,* 4th Dist. No. 14CA3597, 2014-Ohio-5850, and independently holds that the Magistrate's application of relevant law and her legal conclusions premised upon said facts are not in error."

{¶28} In *Hopkins,* the appellant complained that the trial court improperly dismissed her objections due to her failure to file a transcript of the proceedings. While discussing Civ.R. 53(D)(4), which governs a trial court's ruling on objections to a magistrate's decision and mandates an independent review as to objected matters "to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law," we stated in *Hopkins* at ¶ 25:

"Civ.R. 53(D)(4)(d) presupposes, however, that a party objected to a magistrate's decision in accordance with Civ.R. 53(D)(3). Civ.R. 53 requires that a party objecting to a factual finding support the objection with "a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). In the absence of a transcript or affidavit, a trial court is required to accept the magistrate's findings of fact and may only determine the legal conclusions drawn from those facts. *Ragins* at ¶ 8; *Sliwinski v. Capital Properties Mgt. Ltd.*, 9th Dist. Summit No. 25867, 2012–Ohio–1822, ¶ 9; *Lesh v. Moloney,* 10th Dist. Franklin No. 11AP–353, 2011–Ohio–6565, ¶ 11."

**{¶29}** We further explained at ¶ 25:

"If the objecting party does not file a proper transcript of all relevant testimony, " 'a trial court's review is necessarily limited to the magistrate's conclusions of law.' " *Allread v. Allread,* 2nd Dist. Darke No.2010CA6, 2011–Ohio–1271, ¶ 18, quoting *Dayton Police Dept. v. Byrd,* 2nd Dist. Montgomery No. 23551, 2010–Ohio–4529, ¶ 8. Consequently, a trial court may properly adopt a magistrate's factual findings without further consideration when the objecting party does not provide the court with a transcript of the magistrate's hearing or other relevant material to support their objections. *In re Maxwell,* 4th Dist. Ross No. 05CA2863, 2006–Ohio–527, ¶ 27."

**{¶30}** In *Hopkins,* we found because appellant did not object to the magistrate's decision in accordance with Civ.R. 53(D)(3), the trial court did not have a duty to independently review the magistrate's decision to ascertain that the magistrate properly applied the law.  Without a transcript, the trial court could not ascertain whether the magistrate properly determined the factual issues.  Instead, the court was required to accept the magistrate's factual findings. *Id.* at 26.

{¶31} Similarly herein, Appellant did not provide the trial court with a transcript of the hearings before the Magistrate. It is well-established that appellate courts will not consider evidence that a party did not submit to the trial court. *Babcock v. Welcome,* 4th Dist. Ross No. 11CA3273, 2012–Ohio–5284, ¶ 16. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail,* 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. In other words, an appellate court is "precluded from considering anything that was not before the trial court when it overruled appellant's objection to the magistrate's decision." *Ragins v. Dains,* 10th Dist. Franklin No. 12AP–124, 2012–Ohio–5089, ¶ 9. When a party objecting to a magistrate's decision does not provide the trial court with a transcript of the magistrate's proceedings, appellate review "is limited to whether the trial court abused its discretion in adopting the [magistrate]'s report." *State ex rel. Duncan v. Chippewa Twp. Trustees,* 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995). "In other words, an appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion." *Id. Accord Liming v. Damos,* 4th Dist. Athens No. 08CA34, 2009–Ohio–6490, ¶ 17.

{¶32} Because Appellant did not present a transcript of the proceedings before the magistrate to the trial court when she filed her objections, we cannot consider the transcript that Appellant filed for appeal purposes. Here, without the transcript properly before us, our review of the court's findings is limited to whether the trial court abused its discretion in adopting the Magistrate's Decision. Therefore, having reviewed the substantive arguments raised in assignments of error one, three, six, seven, nine, eleven, and twelve, and the extremely limited record on appeal, we cannot say that the trial court abused its discretion.

{¶33} As to assignment of error eight, Appellant only argues that the Magistrate *improperly* took Son's wishes into consideration. She does not argue the Magistrate *relied solely* upon Son's wishes when making the modification decision. R.C. 3109.04(F) explicitly sets forth ten factors a court is required to consider when making a "best interests" determination, and R.C. 3109.04(F)(1)(b) provides that if the court has interviewed the child in chambers regarding the child's wishes and concerns as to the allocation of parental rights, the "wishes and concerns of the child, as expressed to the court" must be considered. However, no one factor is dispositive. *Barber v. Barber,* 7th Dist. Columbiana No. 05C046, 2006-Ohio-4956, at ¶ 11. Rather, the court has discretion to weigh the relevant factors as it sees fits. *Id.* The trial court is required to determine what is in the best interest of the children and to "consider all relevant factors." *Krill v. Krill,* 3rd

Dist. No. 4–13–15, 2014-Ohio-2577, ¶ 33.  If the record supports the conclusion

that the trial court considered all the relevant factors, then the trial court complied

with R.C. 3109.04(F)(1). *See Brammer v. Meachem,* 3rd Dist. No. 9–10–43, 2011-

Ohio-519, ¶ 32–33.  Based on the limited record, we have no basis for finding the

Magistrate improperly relied on Son's wishes to the exclusion of all other "best

interest" factors.

{¶34} As to assignment of error ten, Appellant alleges error for the

Magistrate not to have made a contempt finding with regard to Appellee's

recording her phone calls with Son.  She directs us to the Magistrate's Decision at

Page 52 as follows:

> "The purpose of this prohibition is so the child feels secure in having
> private conversations with the parent, not so one parent can disparage
> the other to the child with impunity. [Son] knew the conversations
> were being recorded and understood movant was doing so in order to
> protect him from mom's hurtful statements."

{¶35} However, the Magistrate noted on page 6 that Appellee stipulated he

had recorded conversations and further, that Appellant's counsel was agreeable to

the remedy that Appellee would be prohibited from using any portion of the

recordings as evidence.  While Appellant's counsel also requested attorney fees

and other sanctions, the Magistrate also stated at page 52 that she was "not inclined

to find Movant in contempt for these actions in these circumstances."  Again, we

do not find the record herein supports that the Magistrate erred in this regard.

{¶36} Based upon the limited record before us, we have no basis to conclude that the trial court abused its discretion by adopting the magistrate's decision. That decision is a comprehensive 60-page document which summarized the testimony of all witnesses and articulated the Magistrate's thought processes and observations. At page 39, the Magistrate observed that Son has a close and loving relationship with both parents. And at page 46, the Magistrate commented that both parents seemed "well-intentioned" in their desire not to force visitation upon the Daughter, given it had provoked anxiety. As we have commented in numerous other opinions, "child custody decisions involve some of the most difficult and agonizing decisions that trial courts are required to decide, [and that] courts must have wide latitude to consider all of the evidence * * *." *Seymour, supra,* at ¶ 28; *In re E.W.*, at ¶ 19. *See Davis*, 77 Ohio St.3d 418; *Bragg v. Hatfield,* 152 Ohio App.3d 174, 2003-Ohio-1441, 787 N.E.2d 44, ¶ 24; *Hinton v. Hinton,* 4th Dist. No. 02CA54, 2003-Ohio-2785 at ¶ 9; *Ferris v. Ferris,* 4th Dist. No. 02CA4, 2003-Ohio-1284, at ¶ 20. As such, the Magistrate thoughtfully considered all the evidence in this case. Accordingly, for the foregoing reasons, we hereby overrule Appellant's assignments of error one, three, six, seven, eight, nine, ten, eleven, and twelve to the extent that evidentiary claims have been raised.

ASSIGNMENTS OF ERROR ONE, FOUR, FIVE, SEVEN, AND NINE

{¶37} For ease of analysis, we jointly consider the procedural arguments raised in assignments of error one, four, five, seven, and nine. Generally, in these assignments of error, Appellant asserts that the Magistrate failed to enforce various rules of the Athens County Court of Common Pleas, Domestic Relations Division. Based on the record before us, to a limited extent, we can review her arguments. However, it is well-established that " 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' " *Burchett v. Burchett,* 4th Dist. Scioto No. 16CA3789, 2017-Ohio-8124, at ¶ 14, quoting *State v. Quarterman,* 140 Ohio St.3d 464, 2014–Ohio–4034, 19 N.E.3d 900, ¶ 15, quoting *State v. Awan,* 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting *State v. Childs,* 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus. Appellate courts nevertheless have discretion to consider forfeited issues using a plain-error analysis. *E.g., Risner v. Ohio Dept. of Natural Resources, Ohio Div. of Wildlife,* 144 Ohio St.3d 278, 2015–Ohio–3731, 42 N.E.3d 718, ¶ 27; *Hill v. Urbana,* 79 Ohio St.3d 130, 133–34, 679 N.E.2d 1109 (1997), citing *In re M.D.,* 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus. For the plain error doctrine to apply, the party claiming error must establish (1) that " 'an error, i.e., a deviation from a legal

rule' " occurred, (2) that the error was " 'an "obvious" defect in the trial proceedings,' " and (3) that this obvious error affected substantial rights, i.e., the error " 'must have affected the outcome of the trial.' " *Burchett, supra*, quoting *State v. Rogers,* 143 Ohio St.3d 385, 2015–Ohio–2459, 38 N.E.3d 860, ¶ 22, quoting *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); *Schade v. Carnegie Body Co.,* 70 Ohio St.2d 207, 209, 436 N.E.2d 1001, 1003 (1982) ("A 'plain error' is obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse effect on the character and public confidence in judicial proceedings.").

{¶38} The plain error doctrine is not, however, readily invoked in civil cases. Instead, an appellate court "must proceed with the utmost caution" when applying the plain error doctrine in civil cases. *Burchett, supra,* at ¶ 15, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). The Supreme Court of Ohio has set a "very high standard" for invoking the plain error doctrine in a civil case. *Perez v. Falls Financial, Inc.,* 87 Ohio St.3d 371, 721 N.E.2d 47 (2000). Thus, "the doctrine is sharply limited to the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss,* 79 Ohio St.3d at 122, 679 N.E.2d 1099

(emphasis sic); *accord Gable v. Gates Mills,* 103 Ohio St.3d 449, 2004–Ohio–

5719, 816 N.E.2d 1049, ¶ 43.

<u>Assignments of Error One and Seven</u>

**{¶39}** In assignments of error one and seven, Appellant asserts that Attorney

Meek did not attach a sworn affidavit to the July 2, 2015, Motion to Modify

Allocation of Parental Rights and Responsibilities, as required by Rule 24. 02.

Rule 24. 02, Initial Pleading Requirements, sets forth in pertinent part:

> "(A)* * * If allocation of parental rights and responsibilities  or shared
> parenting is requested, worksheet A must be filed.* * *(C ) In all
> domestic actions involving allocation of parental rights and
> responsibilities, shared parenting or visitation  both parties shall file
> an affidavit complying with R.C. Section 3109.27 * * *."

**{¶40}** Appellant further directs us to Local Rule 24.12, Post Decree Relief:

> "(A) Post decree motions shall contain the exact language of the
> original order sought to be changed, the change requested and a
> complete and accurate statement of movant's reasons and/or bases for
> change.  Failure to supply this information will result in the motion
> being dismissed. * * *"

**{¶41}** In addition, Appellant cites Local Rule 15, which states in pertinent

part: "[S]hould plaintiff fail to comply with local rules of the court, * * * the court

upon motion of defendant or by its own action, may dismiss an action or claim."

Appellee responds by pointing out that despite the fact that Appellant was

represented by counsel from July 16, 2015 through September 12, 2017, neither

she nor her counsel ever sought dismissal of his motion based upon a failure to

comply with the local rules.  For the reasons which follow, we must agree with Appellee.

{¶42} This court has previously observed that trial courts have wide latitude when it comes to following local rules of court because such rules are generally procedural in nature and do not involve substantive principles of law. *Century Bank v. Hine,* 4th Dist. Athens No. 13CA35, 2014-Ohio-3401, at ¶ 25. *See Parra v. Continental Tire,* 8th Dist. Cuyahoga No. 98753, 2013–Ohio–1041, at ¶ 29; *Parra v. Continental Tire*, 9th Dist. Summit App. No. 26315, 2012–Ohio–4138, at ¶ 7. However, if a trial court's failure to follow its local rules implicates any due process concerns, then a problem may exist. *Wallner v. Thorne,* 189 Ohio App.3d 161, 937 N.E.2d 1047, 2010–Ohio–2146, (9th Dist.) at ¶ 21; *BAC Home Loans Servicing, LP v. Mowery,* 5th Dist. Holmes App. Nos.2010–CA–05 & 2010–CA–07, 2010–Ohio–5570, at ¶ 8.  Both our state and federal Constitutional due process rights provide for notice and the opportunity to be heard. *Hine* at ¶ 26. *See Fifth Third Mtge., Co. v. Rankin,* 4th Dist. No. 11CA8, 2012–Ohio–2806, at ¶ 14; *Columbia Gas Transm., L.L.C. v. Ogle,* 4th Dist. Hocking App. No. 10CA11, 2012–Ohio–1483, at ¶ 12.

{¶43} Our review of the record on appeal has disclosed that Appellant was represented at all relevant times and in no instance did Appellant or counsel on her behalf ever challenge the proceedings based on a lack of compliance with Local

Rule 24. Within the record, there is neither a motion to dismiss based upon failure to comply nor a motion to set aside the temporary orders. And, at the August 7, 2015 temporary orders hearing, Appellant had notice and the opportunity to be heard on the matter of any alleged local rule violations.

{¶44} Under these circumstances, Appellant invited any error by acquiescing to the court's procedure. *Goldfuss,* 79 Ohio St.3d at 121-122 (stating that party ordinarily should not be permitted to claim plain error when party invited the error); *see State v. Jackson,* 149 Ohio St.3d 55, 2016–Ohio–5488, 73 N.E.3d 414, ¶ 108, quoting *State ex rel. Kline v. Carroll,* 96 Ohio St.3d 404, 2002–Ohio–4849, 775 N.E.2d 517, ¶ 27 (" 'Under [the invited-error] doctrine, a party is not entitled to take advantage of an error that he himself invited or induced the court to make' "); *Id.* at ¶ 122 (noting that invited error doctrine applies "when a party * * * affirmatively consented to a procedure that the trial court proposed"); *State v. Rohrbaugh,* 126 Ohio St.3d 421, 2010–Ohio–3286, 934 N.E.2d 920, ¶ 7-10 (explaining that even plain error is waived when error is invited). For these reasons, we decline to find that plain error occurred as a result of any failure to enforce Local Rule 24. Accordingly, Appellant's first and seventh assignments of error are hereby overruled.

Assignment of Error Four

**{¶45}** Appellant asserts when Attorney Meek filed the Motion for

Temporary Orders, she did not have Appellee execute a sworn affidavit and as

such, there was not sufficient evidence to allow the court to make a determination

and therefore, there should not have been a temporary orders hearing scheduled on

August 7, 2015.  At this point, Appellant again directs us to the Local Rule 24.03

which provides:

> "(A) Upon motion, sworn affidavit and appropriate basis pursuant to
> Ohio Civil Rule 75, * * * temporary allocation of parental rights and
> responsibilities * * * temporary relief may be granted ex parte.
> Supporting affidavits must contain sufficient evidence to allow the
> Court to make a determination regarding the orders requested. * * *
> (C) No ex-parte temporary orders will be granted when both parties
> are currently represented by counsel * * *."

**{¶46}** First, we point out that the temporary orders were not granted in an

emergency ex parte situation.  Secondly, neither Appellant nor her counsel brought

any alleged rules violation before the court or sought dismissal, as discussed

above.  For these reasons, we again decline to find plain error occurred.

Appellant's second assignment of error is without merit and is hereby overruled.

Assignment of Error Five

**{¶47}** Appellant asserts that Attorney Meek filed a Motion for Order,

requested the Magistrate to sign it the same day, and failed to inform Appellant or

her counsel.  Appellant asserts that the local rules were not followed as her counsel

was not notified, no hearing was scheduled, no supporting affidavit was filed, and, according to her, the Magistrate signed the order "on the spot." Appellant again directs our attention to Local Rule 24.03 regarding ex parte temporary orders will be granted when both parties are currently represented by counsel in any criminal or civil matter.

{¶48} The record before us reveals Appellee's counsel filed a Motion for Court Order on July 25, 2016 with a supporting memorandum alleging that Appellant had advised she would not take Son to his mandatory football events during her parenting time. Exhibits were attached to the memorandum, including: (1) a faxed letter dated July 22, 2016 to Appellant's counsel and (2) an email in which Appellant indicated she would not take Son to his mandatory football events during her parenting time. The memorandum further indicates that Attorney Meek had received no response from Appellant's counsel.

{¶49} The date the order was journalized does reflect it was signed the same date the Motion for Court Order was filed. However, we also observe that the record reflects that the next day, July 26, 2016, "upon agreement of the parties," the August 14, 2015 Magistrate's Order was modified as to Appellant's two-week uninterrupted parenting time blocks. While it appears Local Rule 24.03 was not followed, we again note that enforcement of the rules is within the court's discretion and that Appellant apparently acquiesced as to enforcement of that

particular rule.  The record does not reflect any subsequent motion for dismissal pursuant to the local rules until Appellant filed her objections to the Magistrate's Decision in 2017.

{¶50} Given the above facts, we do not find the trial court's error, if any, amounted to plain error.  Therefore, we find no merit to the fifth assignment of error.  It is hereby overruled.

Assignment of Error Nine

{¶51} With regard to a Modification of Child Support Appellant filed on April 28, 2016, Appellant asserts the court erred when calculating child support.  She requested an upward deviation based on a change of circumstances regarding Daughter's special needs.  Appellant points to Athens Local Rule 20.3(D)(1) which provides that "[u]pon request of movant's counsel, the assignment commissioner schedules a hearing no sooner than seven days after filing of [the] motion."  Appellant argues that no hearings took place.

{¶52} The record reflects that during the relevant time period, Appellant was represented by counsel.  The record further reflects that on April 29, 2016, Appellant filed a Motion to Modify Temporary Orders (of August 14, 2015) with regard to the summer parenting schedule.  Then, on May 13, 2016, Appellant filed Defendant's Amended Proposed Shared Parenting Plan.  The Magistrate filed

notices of hearing on the motion to modify child support and the motion to modify temporary orders, setting a hearing date of June 27, 2016.

{¶53} The August 1, 2017 Magistrate's Decision: Findings of Fact and Conclusions of Law indicates that the various issues between the parties came on for hearing on June 27, 2016, July 11, 2016, and November 21, 2016. The Magistrate's Decision further indicates that the case proceeded to final hearing on June 27, 2016, July 11, 2016, and November 21, 2016. Then, the Magistrate's Decision sets forth separate recommendations for child support on page 55.

{¶54} Based on the record before us, it appears that neither Appellant nor her counsel requested enforcement of Rule 20.3(D)(1). Here, Appellant was represented by counsel and it appears she did have the opportunity to be heard on the issue of child support. Under these circumstances, we find she has waived any alleged error by the court's failure to schedule a child support hearing within seven days. We decline to find plain error occurred and overrule the ninth assignment of error.

Assignment of Error Two

{¶55} Appellant asserts that in filing the Motion to Modify Allocation of Parental Rights and Responsibilities on July 2, 2015, Attorney Meek violated R.C. 3109.04(B)(3). We construe Appellant's argument as asserting that Attorney Meek obtained or attempted to obtain from Son a written or recorded statement or

affidavit setting forth his wishes and concerns regarding allocation of parental

rights concerning himself.  In support of her argument herein, Appellant cites the

following statement in the memorandum in support of Appellee's motion to

modify:

> "Consequently, H. [sic.] desires to live with Plaintiff. H. [sic.] is now
> twelve (12) years old and has sufficient reasoning ability to explain
> why he believes that living with Plaintiff would be in his own best
> interest.

Additionally, Appellant cites the following statement in the Temporary Orders

Request filed July 10, 2015:

> "However, the minor child [Son] D.O.B. 5-9-2003, wishes to stay and
> attend school in the district that the Movant, Appellee O'Rourke
> resides. [Son] desires to participate in football at Nelsonville-York
> and Respondent is unable or unwilling to enroll him in extra-
> curricular activities."

{¶56} R.C. 3109.04(B)(3) provides as follows:

> "*No person shall obtain or attempt* to obtain from a child a written or
> recorded statement or affidavit setting forth the child's wishes and
> concerns regarding the allocation of parental rights and
> responsibilities concerning the child. *No court,* in determining the
> child's best interest for purposes of making its allocation of the
> parental rights and responsibilities for the care of the child or for
> purposes of resolving any issues related to the making of that
> allocation, *shall accept or consider a written or recorded statement or
> affidavit that purports to set forth the child's wishes and concerns
> regarding those matters.*" (Emphasis added.)

{¶57} Based upon our review of the record, we do not find support for

Appellant's allegation that the Magistrate accepted or considered a written or recorded statement or affidavit purporting to set forth Son's wishes in this matter. We view the portions of the record cited by Appellant as argument on behalf of Appellee which the Magistrate was sufficiently able to discern and to assign the appropriate weight in making her modification decision. And, the portions of the record cited by Appellant are excerpts from July 2, 2015 and July 10, 2015 pleadings. The record before us does not indicate any timely objection was made or any timely motion was brought before the court as to this alleged violation. As such, we find no plain error occurred and no merit to the second assignment of error and it is hereby overruled.

Assignment of Error Thirteen

{¶58} In Appellant's table of contents, and in the body of her Amended Brief, she sets forth a thirteenth assignment of error. At the beginning of the brief, at Page vii, Appellant asserts the court erred when it failed to grant a hearing for a proposed Shared Parenting Plan she filed on May 13, 2016. However, this argument is not separately argued in the body of her brief, as required by App.R. 16(A)(7). Furthermore, App.R. 12(A)(2) authorizes us to disregard any assignment of error that an appellant fails to separately argue. *See Deutsche Bank Natl. Trust Co. v. Sopp,* 10th Dist. Franklin No. 14AP343, 2016-Ohio-1402, at ¶ 23.

{¶59} In the interest of justice, any argument with regard to the failure to grant a hearing was discussed fully in our above discussion and resolution of assignment of error number nine. Appellant did not challenge any failure of the Magistrate to hold a hearing for her proposed Shared Parenting Plan filed May 13, 2016. As such, she waived any error and we do not find plain error occurred. Therefore, we find no merit to her brief argument and thus overrule Appellant's thirteenth assignment of error.

## CONCLUSION

{¶60} As previously recognized, we afford great deference to the factfinder's decision, given the trier of facts is in the best position to assess demeanor and other indicators of credibility. In this case, (1) Appellant did not provide a transcript to the trial court for a comprehensive review of the Magistrate's decision; and (2) she did not raise objections to the alleged local rules' violations in a timely manner. For these reasons, we find no plain error and no abuse of discretion in the trial court's Decision Overruling Objections to Magistrate's Decision. Accordingly, the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED**.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & Abele, J.:  Concur in Judgment and Opinion.


For the Court,


BY:  _____
Matthew W. McFarland, Judge


### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**